LGORBATY, j., dissents.
I respectfully dissent. The trial court in the instant case purported to nullify only a particular provision of the contract, the arbitration provision. Nullity of only a particular contractual provision is addressed in Louisiana Civil Code Article 2034, which, unlike La. C.C. art. 2030, does not give a court the power on its own initiative to nullify a particular provision. Here, Metro did not seek nullification of the arbitration provisions because of public policy concerns; it sought an injunction based on allegations of prematurity. Metro claimed that until it had more information concerning the need for a Cash Call, arbitration should go forward. Since Metro did not seek nullification of the provision, the court could not do so sua sponte.
Further, I do not feel that the provision in question is against public policy. Section 13.02 of the Operating Agreement provides that in the event a member declines to arbitrate, the other member has the option of either selling its membership interest in the Belle L.L.C. to the declining member, or purchasing the declining member’s interest in the Belle LLC, in either case based on a formula set forth in Section 13.02. The same rule and formulas apply equally whether it is Metro or BLI that declines to arbitrate. The trial court’s reliance on Hooters of America, Inc. v. Phillips, 173 F.3d 933 (4th Cir.1999), was misplaced. In that case, the court found an arbitration provision to be “egregiously unfair” because its rules 12were “so one-sided that their only possible purpose is to undermine the neutrality of the proceeding.” Id. at 938. For example, the arbitration clause required employees to provide the company notice of any claim, its nature, and a list of fact witnesses, but the company was not required to file any responsive pleadings or notice of defenses. It also allowed the employer, but not the employee, to bring suit in court to vacate or modify an arbi-tral award. That case is totally different from the one at hand, because the arbitration provision in question applies equally to all members. The consequences of declining to arbitrate are the same for both BLI and Metro.
I also note that the arbitration provision in question has already been scrutinized by the trial court, twice before, as well as by this court, also twice before. See Metro Riverboat Associates, Inc. v. Bally’s Louisiana, Inc., 97-1672 (La.App. 4 Cir.1/14/98), 706 So.2d 553; and Metro Riverboat Associates, Inc. v. Bally’s Louisiana, Inc., 98-3055, 98-3056 (La.App. 4 Cir.3/5/99), writ denied, 99-0956 (La.5/28/99), 743 So.2d 667. Although the arbitration provision has been found not to apply to certain disputes outside the scope of the provision, never has it been deemed to be against public policy or otherwise unenforceable as a whole.
*1280 Finally, I feel that the trial court should not have granted the injunction because Metro failed to show that it would suffer irreparable injury. Money is the only thing at stake here.
Accordingly, for these reasons, I would find the arbitration provision to be valid and enforceable, and would reverse the decision of the trial court.